Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@ toddflaw.com
abacon@ toddflaw.com
mgeorge@toddflaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TERI BROWN,** individually and on behalf of all others similarly situated, | Civil Case No.: |
| Plaintiff | <u>**CIVIL ACTION**</u> |
| -against- | **CLASS ACTION COMPLAINT** and **JURY TRIAL DEMAND** |
| **CHARTER COMMUNICATIONS, INC. d/b/a SPECTRUM** and JOHN DOES 1-10, | |
| Defendants | |

Plaintiff, TERI BROWN ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1. Plaintiff brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of CHARTER COMMUNICATIONS, INC. d/b/a SPECTRUM, ("Defendant" or "Spectrum"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq*. ("TCPA"), thereby invading Plaintiff's privacy.

## JURISDICTION & VENUE

2. This Court has federal question jurisdiction because this case arises out of violations of federal law. See 47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3. To have standing in federal court, Plaintiff must have suffered a particularized and concrete harm.

4. Unwanted calls cause tangible harms and intangible harms.

5. In the recent Supreme Court decision of *Spokeo, Inc. v. Robin,* __ U.S. ____, 2016 WL 282447 (May 16, 2016), the Court stated that one way to establish that an intangible injury is concrete is to evaluate whether it "has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American court." Id at *7.

6. For example, invasion of privacy is a harm that is recognized by the common law and is recognized as a common law tort.

7. When enacting the TCPA, Congress stressed the purpose of protecting consumers' privacy.

8. As Senator Hollings, the Act's sponsor, stated "Computerized calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall." 137 Cong. Rec. 30,821-30,822 (1991).

9. Venue is proper in the United States District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2) because the Defendant is located and conducts business in this judicial district and because a substantial part of the act and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

10. Plaintiff is a natural person residing in Bakersfield, California and is a "person" as defined by 47 U.S.C. § 153 (10).

11. Defendant Spectrum is a corporation incorporated in the State of Delaware with its principal place of business located in the State of Connecticut.

## FACTUAL ALLEGATIONS

12. On information and belief, on a date better known to Defendants, Defendants began their campaign of communicating with the Plaintiff via the use of an automated telephone dialing system and prerecorded messages throughout the past year by calling her cell phone number of (661) 472-4330 numerous times in attempts to market its services.

13. Such calls constitute solicitation calls pursuant to 47 C.F.R. § 64.1200, as they were made in an attempt to promote or sell Defendant's services to

Plaintiff.

14. Plaintiff is the subscriber of the T-Mobile account bearing the phone number of (661) 472-4330, and has been the subscriber of that account at all times relevant hereto.

15. Plaintiff is the regular user of the cellular phone number (661) 472-4330, and has been the regular user of that phone number at all times relevant hereto.

16. The Defendant called from numerous phone numbers, including but not limited to (844) 207-1531, (855) 383-5891, and (203) 404-6762, which phone number belongs to Defendant.

17. When Plaintiff answered a phone call from the Defendant, she was subjected to an unwanted and uninvited sales pitch from the Defendant.

18. On or around March 22, 2017, Plaintiff spoke with the Defendant and stated emphatically that she is not interested in this service.

19. Despite that, Defendant has continued to call the Plaintiff's cellular telephone number without prior express consent.

20. The phone calls either state that they are from Spectrum, from Charter Communications, or from Spectrum formerly known as BrightHouse.

21. When the phone number (844) 207-1531 is called back, the caller is prompted to a pre-recorded message that states:

    "Spectrum attempted to call you to inform you about new offers in

your area. We will attempt to call you again in the near future. If you would like to have your number added to our do not call list press one."

22. Defendant specifically used an automated telephone dialing system and prerecorded messages to call the Plaintiff on her cell phone at least five times from February 2017 to present.

23. Defendant's use of an automated telephone dialing system was clearly indicated by the pre-recorded message and that a customer service representative only coming on the line after the Plaintiff answered the phone and hearing silence when she answered the call.

24. The Plaintiff never gave the Defendants her prior, express permission to call her cell phone via the use of an automated telephone dialing system.

25. Upon information and belief, Plaintiff has never provided her cell phone number to Defendant or had any business, educational or personal relationship with the Defendant.

26. Plaintiff did not have an established business relationship with Defendant during the time of the solicitation calls from Defendant.

27. Upon information and belief, at all relevant times, Defendant failed to establish and/or implement reasonable policies and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed

under 47 U.S.C. § 227(c)(5), including 47 C.F.R. 64.1200(c) and (d).

28. Plaintiff advised the Defendant that she was not interested in their services.

29. Defendant ignored the Plaintiff's and continued placing numerous auto-dialed calls to the Plaintiff's cellular phone.

30. By placing auto-dialed calls and prerecorded messages to the Plaintiff's cell phone, the Defendant violated 47 USC §227(b)(A)(iii) which prohibits using any automated telephone dialing system or an artificial prerecorded voice to any telephone number assigned to a cellular telephone service when calling to the plaintiff's cell phone.

31. The Defendant's repeated calls caused the Plaintiff to be harassed, stressed, frustrated and annoyed by refusing to cease its incessant calls despite Plaintiff's repeated pleas for the calls to stop. The Defendant's repeated calls further interrupted the Plaintiff's day, and wasted the Plaintiff's time spent answering and otherwise addressing these repeated robocalls.

32. As a result of Defendant's acts and omissions outlined above, Plaintiff has suffered concrete and particularized injuries and harm, which include, but are not limited to, the following:

    a. Invasion of privacy;

    b. Intrusion upon and occupation of the capacity of Plaintiff's cellular

telephone;

    c. Wasting Plaintiff's time;

    d. Risk of personal injury due to interruption and distraction when receiving

        unwanted telemarketing calls from Defendant;

    e. Depletion of Plaintiff's cellular telephone battery; and

    f. The cost of electricity to recharge Plaintiff's cellular telephone battery.

33. The Defendant therefore willfully violated the TCPA numerous times by placing autodialed calls and prerecorded messages to the Plaintiff's cell phone without her prior, express consent.

## CLASS ALLEGATIONS

34. Plaintiff brings this action on behalf of herself and all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:

All persons within the United States who received any telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint.

35. Plaintiff represents, and is a member of, the Class, consisting of all persons within the United States who received any telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system and such person had not previously not provided their cellular telephone number to Defendant within the four years prior to the filing of this Complaint.

36. Defendant, its employees and agents are excluded from The Class.

37. Plaintiff does not know the number of members in The Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

38. The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes thousands of members. Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendant.

39. Plaintiff and members of The Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and Class members via their cellular telephones thereby causing Plaintiff and Class

members to incur certain charges or reduced telephone time for which Plaintiff and Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and Class members.

40. Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of The Class. These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

   a. Whether, within the four years prior to the filing of this Complaint, Defendant made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system to any telephone number assigned to a cellular telephone service;

   b. Whether Plaintiff and the Class members were damages thereby, and the extent of damages for such violation; and

   c. Whether Defendant should be enjoined from engaging in such conduct in the future.

41. As a person that received numerous calls from Defendant using an automatic telephone dialing system, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of The Class.

42. Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the prosecution of claims arising under the Telephone Consumer Protection Act and in prosecuting class actions.

43. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

44. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

45. Defendant has acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the California Class as a whole.

## FIRST CAUSE OF ACTION
### Negligent Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227 et seq.

46. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above.

47. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq. including the implementing regulations of 47 C.F.R. 64.1200(c) and (d).

48. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

49. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### SECOND CAUSE OF ACTION
### Knowing and/or Willful Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227 et seq.

50. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-41.

51. Plaintiff had no wish to be contacted on her cell phone via the use of an autodialer, and expressly directed Defendants to stop calling her cell phone number on numerous occasions.

52. Defendant willfully continued calling the Plaintiff's cellular phone via an autodialer and prerecorded messages despite Plaintiff's repeated requests to cease contacting her.

53. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

54. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

55. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant as follows:

A. For mandatory statutory damages of $500.00 for each and every call placed to the cellular phones of the Plaintiff and the members of The Class in violation of the TCPA, as provided and pursuant to 47 USC §227;

B. For enhanced trebled damages of $1,500.00, for each and every call placed to the cellular phones of the Plaintiff and the members of The Class in willful violation of the TCPA, as provided and pursuant to 47 USC §227;

C. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to her rights under the Seventh Amendment to the Constitution of the United States of America and Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

///
///
///

Respectfully Submitted this 15th Day of May, 2017.

               LAW OFFICES OF TODD M. FRIEDMAN, P.C.

               By:  /s/ Todd M. Friedman
                      Todd M. Friedman
                      Law Offices of Todd M. Friedman
                      Attorney for Plaintiff