Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
Thomas E. Wheeler (SBN 308789)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St. Suite 780,
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
twheeler@toddflaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERI BROWN, individually on behalf of all other similarly situated,<br><br>Plaintiff<br><br>v.<br><br>CHARTER COMMUNICATIONS INC. d/b/a/ SPECTRUM,<br><br>Defendant | **Case No.:** 1:17-cv-00670-LJO-JLT<br><br>**26F REPORT**<br><br>**(F.R.C.P. 23)** |

Pursuant to Rule 26(f) and the Court's Order Requiring Joint Status Report, Plaintiff TERI BROWN ("Plaintiff") and Defendant CHARTER COMMUNICATIONS INC. d/b/a SPECTRUM ("Defendant"), hereby submit their Joint Rule 26(f) Conference Report after having met and conferred on the issues contemplated in Rule 26(f) and the Court's Order.

## A.    Factual and Legal Bases

<u>Plaintiff:</u> Plaintiff is informed and believes, and thereon alleges, that beginning in or around 2016, Defendant used an automated telephone dialing system and prerecorded messages to contact Plaintiff on her cellphone ending in -4330 in an attempt to solicit business from Plaintiff.  Defendant did not have Plaintiff's prior express consent to call Plaintiff's cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A). Defendant's calls were placed via an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1).  Defendant's calls utilized an "artificial or prerecorded voice" as prohibited by 47 *U.S.C. § 227(b)(1)(A).* Plaintiff incurs charges for her cellular telephone number for incoming calls pursuant to 47 U.S.C. § 227(b)(1).  Plaintiff alleges on behalf of herself and a proposed Class that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq.

<u>Defendant:</u>  As raised in its Answer and Affirmative Defenses, Defendant believes Plaintiff's claims are subject to a valid and binding arbitration provision, pursuant to which Plaintiff agreed to individually arbitrate her claims.  Defendant is preparing a motion to compel arbitration to be filed in short order.  Defendant joins in this Rule 26(f) report as ordered by the Court and without waiver of its right to compel arbitration.  If this case is not dismissed or stayed in its entirety pursuant to Defendant's forthcoming Motion To Compel Arbitration, Defendant will then move to stay this matter pending the resolution of the pending *ACA International* appeal

in the D.C. Circuit. *See generally Minute Entry Granting Stay, Fontes v. Time Warner Cable*, Inc., 2:14-cv-02060-CAS-CW (C.D. Cal. Dec. 17, 2015), ECF No. 52, which will resolve multiple controlling legal issues in this case.

Defendant states that Plaintiff's claims under the Telephone Consumer Protection Act fail as a matter of law because, among other things, Defendant did not directly make the calls at issue, Defendant did not utilize an ATDS, Plaintiff consented to be contacted by Defendant and did not revoke that consent, and Plaintiff suffered no concrete injury sufficient to confer standing.

**B.      Status of Service**

All relevant Parties have been served.

**C.      Joinder of Additional Parties**

The parties do not intend to add additional Parties at this time, but reserve the right should discovery reveal a basis for doing so, no later than May 1, 2018.

**D.      Amendment of Pleadings**

The parties do not anticipate amendment of the pleadings at this time, but reserve the right should discovery reveal a basis for doing so, no later than May 1, 2018.

**E.      Subject Matter Jurisdiction**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because this matter arises out of a question of federal law, in particular the Telephone Consumer Protect Act, 47 U.S.C. § 227 et. seq. ("TCPA").  Plaintiff

states that venue is also appropriate in this District.  Defendant is currently engaged in an internal investigation to gain facts sufficient to determine whether venue is proper in this District.

### F.    Anticipated Motion Scheduling

Defendant takes the position that no motion schedule should be set at this time, because this matter is subject to arbitration and, therefore, any dates set will necessarily need to be vacated.   Plaintiff does not agree.

Notwithstanding that disagreement, the parties request that, if the Court proceeds to set a scheduling order at this time, the Court should adopt the following schedule for Plaintiff's Motion for Class Certification:

Deadline to File Motion:          August 13, 2018.

Defendant's Opposition:          October 12, 2018

Plaintiff's Reply:                      November 2, 2018

Hearing:                                   December 10, 2018

### G.    Discovery Plan

Defendant will shortly file a motion to dismiss and compel arbitration.  If that motion is denied, Defendant will move shortly thereafter to stay this matter in deference to the pending *ACA International* appeal in the D.C. Circuit.  *See generally Minute Entry Granting Stay, Fontes v. Time Warner Cable, Inc*., 2:14-cv-02060-CAS-CW (C.D. Cal. Dec. 17, 2015), ECF No. 52.  The Parties agree that discovery should not begin until December 22, 2017, by which time these motions

will both be fully submitted and potentially decided.

To ensure that discovery is efficient and proportional to the needs of the case, Defendant's position is that the first 90 days of discovery should concern only the viability of the named Plaintiff's individual claims, after which the parties will file motions for summary judgment, and that putative class discovery should be permitted only following a pretrial conference and authorization of the Court. *See generally* Transcript of Pretrial Conference, *Mejia v. Time Warner Cable Inc*., Case No. 1:15-cv-06445-JPO (S.D.N.Y Dec. 9, 2015), ECF No. 35 at 33-34 (staging putative class case in similar manner); Transcript of Pretrial Conference, Johnson v. Time Warner Cable Inc., Case No. 1:15-cv-06518-JPO (S.D.N.Y May 16, 2016), ECF No. 48 at 13-14 (same).

Plaintiff does not believe that discovery should be conducted in phases or limited except as provided by the Federal Rules of Civil Procedure.  With regard to the written discovery and depositions that Plaintiff intends on conducting, Plaintiff would respectfully submit that no limitations or phases should be imposed on conducting the discovery.  Bifurcation of discovery as between class certification and merits discovery is not appropriate in this case.  Plaintiff respectfully submits that bifurcation of discovery is problematic, results in unnecessary discovery disputes, places too much discretionary power in the responding party, unnecessarily duplicates the discovery process, and results in needless expense. See *In re Plastics Additives Antitrust Litig*., 2004-2 Trade Case (CCH) P74, 620, 2004 U.S. Dist.

LEXIS 23989, at *8-*11 (E.D. Pa, 2004) ("bifurcation of discovery may well increase litigation expenses by protracting the completion of discovery, coupled with endless disputes over what is 'merit' versus 'class' discovery'").

While this issue of bifurcation is a matter of the Court's discretion, the most recent Advisory Committee's Notes to F.R.C.P. Rule 23(c) specifically found that "it is appropriate to conduct controlled discovery into the 'merits' . . . without forcing an artificial and ultimately wasteful distinction between 'certification discovery' and 'merits discovery.'"

Notwithstanding that disagreement, the parties outline their positions on a proposed discovery plan, as follows:

The parties shall exchange their initial disclosures by October 15, 2017.

The parties propose the following schedule for Fact Discovery and Expert Disclosures:

| | |
|---|---|
| Fact Discovery Cut-Off: | July 31, 2018 |
| Plaintiff's Expert Disclosure: | August 13, 2018. |
| Defendant's Expert Disclosure: | October 12, 2018 |
| Expert Discovery Cut-Off: | November 16, 2018 |

Plaintiff's written discovery will consist of interrogatories, requests for production, and requests for admissions.  Plaintiff also needs discovery on the following subjects: Defendant's policies and practices for obtaining consent to place calls to consumers using an ATDS; the manual and technical documentation

for the dialer used by Defendant; Defendant's policies and procedures for recording the revocation of consent; a sample of account notes for putative Class members showing the calls at issue; and the outbound dial list of the dialer used by Defendant. Plaintiff also intends to depose the 30(b)(6) witness for Defendant.

Defendant believes because Plaintiff has contractually agreed to arbitrate, no discovery should be necessary in this matter in this forum, and the parameters for discovery should be set by the arbitrator.   However, should Plaintiff proceed with his claims in this forum, Defendant intends to seek discovery regarding the following issues: (1) the users and account holders of the mobile telephone that has the phone number that is the subject of this lawsuit; (2) the circumstances of phone calls made to Plaintiff and members of the putative class; (3) phone calls placed to and from Plaintiff's subject phone number (date, time, and origination number/destination number); (4) records regarding any Defendant account which lists Plaintiff's phone number as the phone number of record for the account or which was held by Plaintiff or any member of her household; (5) documents related to any Defendant account of any person that Plaintiff claims is a member of the putative class; (6) documents related to any telephone calls placed to Plaintiff and any person that Plaintiff claims is a member of the putative class; (7) whether Plaintiff and putative class members suffered a concrete and particularized injury sufficient to confer standing to pursue claims against Defendant with respect to the calls at issue; (8) whether Plaintiff's and putative class members' claims are even

justiciable in federal court because those individuals have or had a customer relationship with Defendant and may therefore be bound by the mandatory arbitration clause, including a waiver of class claims contained in the relevant contract between the parties; (9) records and information sufficient to show that Defendant maintained prior express consent to call Plaintiff's and putative class members' cellular telephones; (10) whether, for any calls at issue, Plaintiff or members of the putative class were the "called party" under the TCPA; (11) how many calls, if any, Defendant made to Plaintiff's and putative class members' telephone numbers; (12) the amount of Plaintiff's and putative class members' actual damages; (13) Defendant's various other legal defenses; and (14) Plaintiff and the putative class's ability to satisfy all prerequisites to certification of a class. Defendant will take the deposition of Plaintiff.

## H.    Proposed Schedule

The Parties propose the following schedule for motions and trial:

Dispositive Motion Filing Cut-Off:     February 8, 2019

Pre-Trial Conference:                          April 26, 2019

Trial (Jury, 4-6 days):                          May 14, 2019

## I.    Appropriateness of Special Procedures

This matter does not require the appointment of a special magistrate or other special procedures at this time.

## J.    Trial Time

Plaintiffs expects a trial of four (4) to six (6) days if the Classes are certified, two (2) to three (3) days if not.  Defendant believes a trial will be unnecessary and this matter should be heard at an arbitration hearing.  Without waiver of that position, Defendant does not disagree with the estimate provided by Plaintiff.

**K.     Modifications of Standard Pretrial Procedures**

None at this time.  The Parties agree to cooperate to determine if any stipulations or agreements may be reached pretrial to simplify the proceedings.

**L.     Related Case**

The Parties are not aware of any related cases currently pending in this district.  Defendant states that it is engaged in ongoing TCPA litigation concerning multiple telephone systems in multiple districts, including the Central District of California and the Southern District of New York.  Defendant has not sought a transfer of this case pursuant to the first-to-file doctrine or any other basis for transfer, to avoid any arguable waiver of its right to arbitration, and because Defendant is currently engaged in an internal investigation to determine whether this suit raises common legal or factual issues with the other pending suits.  Should this suit proceed in court, rather than in arbitration, and should Defendant's investigation or subsequent discovery show that this matter raises similar issues to the other pending cases or otherwise merits transfer, Defendant reserves the right to move for transfer of this case to another district.

**M.     Settlement Conference**

The Parties are amenable to attending private mediation to occur by November 16, 2018, to permit the Motion for Class Certification to be briefed but not heard.

**N.    Protective Order.**

The Parties agree that a protective order is warranted in this case and, prior to the commencement of discovery, the Parties agree to work in good faith toward negotiating and submitting, for the Court's review and approval, a proposed Stipulated Protective Order regarding the exchange of confidential discovery materials.

**O.    Any Other Issues**

None at this time.

Dated: September 27th, 2017                          Respectfully submitted,

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By: <u>s/Todd M. Friedman</u>
Todd M. Friedman, Esq.
Attorney for Plaintiff

By: <u>s/ Geoffrey L. Warner</u>
Geoffrey L. Warner, Esq.
Attorney for Defendant

## <u>SIGNATURE CERTIFICATION</u>

Pursuant to Section 2(f)(4) of the Electronic Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to counsel for Defendant, and that I have obtained her authorization to affix her electronic signature to this document.

Dated: September 27th, 2017                    Respectfully submitted,

Law Offices of Todd M. Friedman, P.C.

By: <u>s/ Todd M. Friedman</u>
    Todd M. Friedman, Esq.
    Attorney for Plaintiff

1    Filed electronically on this 27th Day of September, 2017, with:

2    United States District Court CM/ECF system.

3    Notification sent electronically on this 27th Day of September, 2017, to:

4    Honorable Leslie J. O'Neill
5    United States District Court
     Eastern District of California
6
     And All Counsel of Record as Recorded On The Electronic Service List
7

8

9    /s/ Todd M. Friedman, Esq.

10   TODD M. FRIEDMAN