# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERI BROWN, individually and on behalf of all others similar situated,<br><br>Plaintiff,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>Defendant. | Case No.: 1:17-CV-0670 - LJO - JLT<br><br>SCHEDULING ORDER (Fed. R. Civ. P. 16)<br><br>Pleading Amendment Deadline: 1/8/2018<br><br>Motion to Compel Arbitration:<br>    Filing deadline: 10/23/2017<br><br>Discovery Deadlines:<br>    Initial Disclosures: 10/13/2017<br>    Non-Expert: 7/31/2018<br>    Expert: 10/26/2018<br>    Mid-Discovery Status Conference:<br>    4/16/2018 at 8:30 a.m.<br><br>Class Certification Motion Deadlines:<br>    Filing: 12/10/2018<br>    Opposition: 1/14/2019<br>    Reply brief: 2/11/2019<br>    Hearing: 3/11/2019 at 9:30 a.m. |

I. **Magistrate Judge Consent:**

**Notice of Congested Docket and Court Policy of Trailing**

Due to the District Judges' heavy caseload, the newly adopted policy of the Fresno Division of the Eastern District is to trail all civil cases. The parties are hereby notified that for a trial date set before a District Judge, the parties will trail indefinitely behind any higher priority criminal or older

1

civil case set on the same date until a courtroom becomes available. The trial date will not be reset to a continued date.

The Magistrate Judges' availability is far more realistic and accommodating to parties than that of the U.S. District Judges who carry the heaviest caseloads in the nation and who must prioritize criminal and older civil cases over more recently filed civil cases. A United States Magistrate Judge may conduct trials, including entry of final judgment, pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule 305. Any appeal from a judgment entered by a United States Magistrate Judge is taken directly to the United States Court of Appeal for the Ninth Circuit.

The Fresno Division of the Eastern District of California, whenever possible, is utilizing United States Article III District Court Judges from throughout the nation as Visiting Judges. Pursuant to the Local Rules, Appendix A, such reassignments will be random, and the parties will receive no advance notice before their case is reassigned to an Article III District Court Judge from outside of the Eastern District of California.

Therefore, the parties are directed to consider consenting to Magistrate Judge jurisdiction to conduct all further proceedings, including trial. **Within 10 days** of the date of this order, counsel **SHALL** file a consent/decline form (provided by the Court at the inception of this case) indicating whether they will consent to the jurisdiction of the Magistrate Judge.

## II. Pleading Amendment Deadline

Any requested pleading amendments are ordered to be filed, either through a stipulation or motion to amend, no later than **January 8, 2018**.

## III. Discovery Plan and Cut-Off Date

The parties are ordered to exchange the initial disclosures required by Fed. R. Civ. P. 26(a)(1) on or before **October 13, 2017**.

The parties are ordered to complete all class discovery pertaining to non-experts on or before **July 31, 2018** and all discovery pertaining to experts on or before **October 26, 2018**.

The parties are directed to disclose all expert witnesses, in writing, on or before **August 31, 2018**, and to disclose all rebuttal experts on or before **September 28, 2018**. The written designation of retained and non-retained experts shall **be made pursuant to Fed. R. Civ. P. Rule 26(a)(2), (A), (B),**

**and (C) and shall include all information required thereunder**. Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

The provisions of Fed. R. Civ. P. 26(b)(4) and (5) shall apply to all discovery relating to experts and their opinions. Experts must be fully prepared to be examined on all subjects and opinions included in the designation. Failure to comply will result in the imposition of sanctions, which may include striking the expert designation and preclusion of expert testimony.

The provisions of Fed. R. Civ. P. 26(e) regarding a party's duty to timely supplement disclosures and responses to discovery requests will be strictly enforced.

A mid-discovery status conference is scheduled for **April 16, 2018** at 8:30 a.m. before the Honorable Jennifer L. Thurston, U.S. Magistrate Judge, located at 510 19th Street, Bakersfield, California. Counsel SHALL file a joint mid-discovery status conference report one week before the conference. Counsel also SHALL lodge the status report via e-mail to JLTorders@caed.uscourts.gov. The joint statement SHALL outline the discovery counsel have completed and that which needs to be completed as well as any impediments to completing the discovery within the deadlines set forth in this order. Counsel may appear via teleconference by dialing (888) 557-8511 and entering Access Code 1652736, provided the Magistrate Judge's Courtroom Deputy Clerk receives a written notice of the intent to appear telephonically no later than five court days before the noticed hearing date.

**IV.    Pre-Trial Motion Schedule**

   **A.    Motion to compel arbitration**

Any motion to compel arbitration **SHALL** be filed no later than **October 23, 2017**. Any opposition by Plaintiff, or a notice of non-opposition, **SHALL** be filed within fourteen days of the filing of the motion, or no later than **November 6, 2017**. Any reply by the defendant **SHALL** be filed seven days after the filing of an opposition, or no later than **November 13, 2017**.

   **B.    Discovery motions and other non-dispositive motions**

All non-dispositive pre-trial motions, including any discovery motions, shall be filed no later than **November 2, 2018**, and heard on or before **November 30, 2018**.

Non-dispositive motions are heard before the Honorable Jennifer L. Thurston, United States

3

Magistrate Judge, at the United States Courthouse in Bakersfield, California.  **No motion to amend or stipulation to amend the case schedule will be entertained unless it is filed at least one week before the first deadline the parties wish to extend.**  Likewise, no written discovery motions shall be filed without the prior approval of the assigned Magistrate Judge.

A party with a discovery dispute must first confer with the opposing party in a good faith effort to resolve by agreement the issues in dispute.  If that good faith effort is unsuccessful, the moving party promptly shall seek a telephonic hearing with all involved parties and the Magistrate Judge.  It shall be the obligation of the moving party to arrange and originate the conference call to the court.  To schedule this telephonic hearing, the parties are ordered to contact the Courtroom Deputy Clerk, Susan Hall, at (661) 326-6620 or via email at SHall@caed.uscourts.gov.  **Counsel must comply with Local Rule 251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from the Court's calendar.**

Counsel may appear and argue non-dispositive motions via teleconference by dialing (888) 557-8511 and entering Access Code 1652736, provided the Magistrate Judge's Courtroom Deputy Clerk receives a written notice of the intent to appear telephonically no later than five court days before the noticed hearing date.

**V.      Motions for Summary Judgment or Summary Adjudication**

All dispositive pre-trial motions shall be heard by the Honorable Lawrence J. O'Neill, United States District Court Judge.  In scheduling such motions, **counsel shall comply with Fed. R. Civ. P. 56 and Local Rules 230 and 260**.

**At least 21 days before** filing a motion for summary judgment or motion for summary adjudication, the parties are **ORDERED** to meet, in person or by telephone, to confer about the issues to be raised in the motion.

The purpose of the meeting shall be to: 1) avoid filing motions for summary judgment where a question of fact exists; 2) determine whether the respondent agrees that the motion has merit in whole or in part; 3) discuss whether issues can be resolved without the necessity of briefing; 4) narrow the issues for review by the court; 5) explore the possibility of settlement before the parties incur the expense of briefing a motion; and 6) to develop a joint statement of undisputed facts.

The moving party **SHALL** initiate the meeting and **SHALL** provide a complete, proposed statement of undisputed facts **at least five days before** the conference. The finalized joint statement of undisputed facts **SHALL** include all facts that the parties agree, for purposes of the motion, may be deemed true. In addition to the requirements of Local Rule 260, the moving party shall file the joint statement of undisputed facts.

In the notice of motion the moving party **SHALL** certify that the parties have met and conferred as ordered above, or set forth a statement of good cause for the failure to meet and confer. **Failure to comply may result in the motion being stricken.**

### VI. Motion for Class Certification

The motion for class certification **SHALL** be filed no later than **December 10, 2018**. Opposition to the motion **SHALL** be filed no later than **January 14, 2019**. During the interval between the filing of the motion and the deadline for the opposition, the defendant may conduct discovery as to the evidence relied upon by the plaintiff for the motion for class certification.

Neither the motion nor the opposition **SHALL** exceed 30 pages, exclusive of evidence and evidentiary objections, unless leave is granted by the Court prior to the filing. Any reply **SHALL** be filed no later than **February 11, 2019,** and shall not exceed 15 pages, exclusive of evidentiary objections. During the interval between the filing of the opposition and the deadline for the reply, the plaintiff may conduct discovery as to the evidence relied upon by defendant for the opposition to the motion for class certification.

Any objections to the evidence **SHALL** be filed at the same time as the opposition (for Defendant) and the reply (for Plaintiff).[1] A hard-copy, courtesy copy of all filings related to the class motion **SHALL** be sent via overnight mail to the Chambers of Judge Thurston at the same time the filing is submitted. All of the pages of evidence in the hard copy **SHALL** be numbered, tabbed and indexed.

The hearing on the motion for class certification is set on **March 11, 2019**, at 9:30 a.m. before Judge Thurston at the United States Courthouse, located at 510 19th Street, Bakersfield, CA.

---

[1] No motions to strike evidence will be entertained. If the Court sustains an objection to a piece of evidence, the evidence will not be considered.

**VII. Settlement Conference**

The parties may file a joint written request for a settlement conference if they believe the action is in a settlement posture and a conference with the Court would be fruitful. The parties shall include proposed dates for the conference in the request. Notwithstanding the provisions of Local Rule 270(b), the settlement conference will be conducted by Magistrate Judge Thurston. The Court deems the deviation from the Local Rule to be appropriate and in the interests of the parties and the interests of justice and sound case management based upon the location of the parties. **If any party prefers that the settlement conference be conducted by a judicial officer not already assigned to this case, the joint request for the settlement conference should indicate this preference**.

**VIII. Compliance with Federal Procedure**

All counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and to keep abreast of any amendments thereto. The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing case load, and sanctions will be imposed for failure to follow the Rules as provided in both the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.

**IX. Effect of this Order**

The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to dispose of this case. If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

**The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.**

*///*
*///*

Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated: **September 29, 2017**  /s/ **Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE