# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERI BROWN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC., d/b/a SPECTRUM and JOHN DOES 1-10,<br><br>Defendants. | Case No.: 1:17-cv-00670-LJO-JLT<br><br>ORDER ADOPTING IN FULL THE FINDINGS AND RECOMMENDATIONS DENYING DEFENDANT'S MOTION TO COMPEL ARBITRATION<br><br>ECF Nos. 19 & 29. |

Defendant Charter Communications ("Charter") seeks to compel arbitration for this action initiated by Teri Brown. ECF No. 19. Charter's motion was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1). ECF No. 20. The Magistrate Judge issued Findings & Recommendations ("F&Rs") recommending that the motion to compel arbitration be denied. ECF No. 29. The F&Rs found that although the Residential Services Agreement ("RSA") Plaintiff signed when she agreed to receive service from Bright House Networks ("BHN"), a subsidiary of Charter, contained a valid arbitration agreement, the arbitration agreement did not apply to Plaintiff by virtue of a carve out notice provision in the agreement that stated: "SPECIAL NOTE REGARDING ARBITRATION FOR CALIFORNIA CUSTOMERS: IF YOU ARE A BHN CUSTOMER IN CALIFORNIA, BHN WILL NOT SEEK TO ENFORCE THE ARBITRATION PROVISION ABOVE UNLESS WE HAVE NOTIFIED YOU OTHERWISE." ECF No. 29 at 10-12; *see also* ECF No. 19-4 (RSA) § 14(f). The

Magistrate Judge also examined other key provisions of the RSA's arbitration agreement, including an opt-out provision that provided, in pertinent part:

> Right to Opt Out: IF YOU DO NOT WISH TO BE BOUND BY THIS ARBITRATION PROVISION, YOU MUST NOTIFY BHN IN WRITING WITHIN 30 DAYS FROM THE DATE THAT YOU FIRST RECEIVE THIS AGREEMENT. . . .

RSA § 14(c).

The Magistrate Judge recommended that because Plaintiff did not receive notice that Charter would seek to enforce the arbitration agreement until after this lawsuit was filed, several years after Plaintiff stopped receiving services from BHN, the special notice provision was not satisfied, so the arbitration agreement did not apply to Plaintiff. The F&Rs specifically reasoned that "the plain language of the special notice to California customers that BHN would 'not seek to enforce the arbitration provision . . . unless we *have* notified you otherwise,' [ ] indicates notice would be provided prior to the customer entering the agreement or contemporaneously with it." ECF No. 29 at 11-12 (emphasis in F&Rs).

Charter filed objections to the F&Rs, ECF No. 32, to which Plaintiff responded. ECF No. 35. A district judge may "accept, reject or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If objections to the findings and recommendations are filed, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* A de novo review requires the court to "consider[] the matter anew, as if no decision had been rendered." *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009). The Court has carefully considered the F&Rs, the objections and response, in light of the entire record and concludes that the F&Rs are well-reasoned and entirely correct.

It is undisputed that Plaintiff is and was at all relevant times a resident of California. It is also undisputed that Charter did not provide Plaintiff with notice that they intended to enforce the arbitration agreement until after this lawsuit was filed. Therefore, the key dispute is how the above-quoted carve-out/notice language operates. In the context of a motion to compel arbitration, the key legal question is

whether "it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT&T Tech., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986). Charter argues, among other things, that the Magistrate Judge's interpretation of the contract provision would render the opt out provision superfluous, and that the only way to "effectuate Section 14(c) without rendering it meaningless by Section 14(f)" is to interpret Section 14(f) to "to mean that a subscriber must opt-out of the Arbitration agreement within 30 days of receiving the RSA, and if the subscriber does not timely opt-out, that subscriber is subject to the Arbitration Provision; however, Charter may enforce that Arbitration Provision against California customers only after it provides notice of such intent." ECF No. 32 at 4-5. Plaintiff articulated the absurdity of this argument succinctly by explaining that Charter's interpretation would be tantamount to reading the California notice provision as follows: "SPECIAL NOTE REGARDING ARBITRATION FOR CALIFORNIA CUSTOMERS: IF YOU ARE A BHN CUSTOMER IN CALIFORNIA, BHN WILL NOT SEEK TO ENFORCE THE ARBITRATION PROVISION ABOVE **UNLESS WE ~~HAVE NOTIFIED YOU OTHERWISE~~ DO**." *See* ECF No. 35 at 7 (emphasis in plaintiff's brief, strikethrough added). The Court can say "with positive assurance" that the arbitration clause is not susceptible to the absurd meaning suggested by Charter. Moreover, the interpretation advanced by the F&Rs and the Plaintiff does not render the opt-out provision superfluous, as it would be operative whenever BHN gave proper notice under Section 14(f). The Court finds the remaining arguments in the Objections to be without merit as well.

    Accordingly, **IT IS HEREBY ORDERED**:

    1.    The Findings and Recommendations dated December 14, 2017 (ECF No. 29) are **ADOPTED IN FULL**; and

    2.    Defendant's motion to compel arbitration (ECF No. 19) is **DENIED**.

IT IS SO ORDERED.

    Dated:   **April 13, 2018**                  **/s/ Lawrence J. O'Neill**
                                                      UNITED STATES CHIEF DISTRICT JUDGE