# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERI BROWN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>Defendant. | Case No.: 1:17-cv-00670 - LJO - JLT<br><br>SCHEDULING ORDER (Fed. R. Civ. P. 16)<br><br>Pleading Amendment Deadline: 8/3/2018<br><br>Discovery Deadlines:<br>    Non-Expert: 12/14/2018<br>    Expert: 5/17/2019<br><br>Class Certification Motion Deadlines:<br>    Filing: 1/18/2019<br>    Opposition: 3/18/2018<br>    Reply brief: 4/18/2019<br>    Hearing: 5/20/2019 at 9:00 a.m. |

**I.**     **<u>Date of Scheduling Conference</u>**

May 9, 2018.

**II.**     **<u>Appearances of Counsel</u>**

Yitzchak Zelman appeared on behalf of Plaintiff.

Helen Kim appeared on behalf of Defendant.

**III.**     **<u>Pleading Amendment Deadline</u>**

Any requested pleading amendments are ordered to be filed, either through a stipulation or motion to amend, no later than **August 3, 2018.**

## IV. Discovery Plan and Cut-Off Date

Discovery is now open for all non-expert discovery pertaining to the class certification motion and to the merits. All non-expert discovery related to the motion for class certification **SHALL** be completed later than **December 14, 2018**. Both sides may conduct discovery as to the evidence relied upon in support of the motion and in opposition to the motion for class certification.

The plaintiff is directed to disclose all expert witnesses, in writing, on or before **January 18, 2019**, and to disclose all rebuttal experts on or before **April 18, 2019**. The defendant SHALL disclose all expert witnesses, in writing, on or before **March 18, 2019**. The written designation of retained and non-retained experts shall **be made pursuant to Fed. R. Civ. P. Rule 26(a)(2), (A), (B), and (C) and shall include all information required thereunder**. Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

The provisions of Fed. R. Civ. P. 26(b)(4) and (5) shall apply to all discovery relating to experts and their opinions. Experts must be fully prepared to be examined on all subjects and opinions included in the designation. Failure to comply will result in the imposition of sanctions, which may include striking the expert designation and preclusion of expert testimony.

The provisions of Fed. R. Civ. P. 26(e) regarding a party's duty to timely supplement disclosures and responses to discovery requests will be strictly enforced.

## V. Pre-Trial Motion Schedule

Non-dispositive motions are heard before the Honorable Jennifer L. Thurston, United States Magistrate Judge at the United States Courthouse in Bakersfield, California. For these hearings, counsel may appear via teleconference by dialing (888) 557-8511 and entering Access Code 1652736, provided the Magistrate Judge's Courtroom Deputy Clerk receives a written notice of the intent to appear telephonically no later than five court days before the noticed hearing date.

**No motion to amend or stipulation to amend the case schedule will be entertained unless it is filed at least one week before the first deadline the parties wish to extend.** Likewise, no written discovery motions shall be filed without the prior approval of the assigned Magistrate Judge. A party with a discovery dispute must first confer with the opposing party in a good faith effort to

resolve by agreement the issues in dispute. If that good faith effort is unsuccessful, the moving party promptly shall seek a telephonic hearing with all involved parties and the Magistrate Judge. It shall be the obligation of the moving party to arrange and originate the conference call to the court. To schedule this telephonic hearing, the parties are ordered to contact the Courtroom Deputy Clerk, Susan Hall, at (661) 326-6620 or via email at SHall@caed.uscourts.gov. **<u>Counsel must comply with Local Rule 251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from the Court's calendar.</u>**

In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 144(e). However, if counsel does not obtain an order shortening time, the notice of motion *must* comply with Local Rule 251. In scheduling such motions, **<u>counsel shall comply with Fed. R. Civ. P. 56 and Local Rules 230 and 260</u>**.

### VI.     Motions for Summary Judgment or Summary Adjudication

Dispositive motions may now be filed. **<u>At least 21 days before</u>** filing a motion for summary judgment or motion for summary adjudication, the parties are **ORDERED** to meet, in person or by telephone, to confer about the issues to be raised in the motion.

The purpose of the meeting shall be to: 1) avoid filing motions for summary judgment where a question of fact exists; 2) determine whether the respondent agrees that the motion has merit in whole or in part; 3) discuss whether issues can be resolved without the necessity of briefing; 4) narrow the issues for review by the court; 5) explore the possibility of settlement before the parties incur the expense of briefing a summary judgment motion; 6) to arrive at a joint statement of undisputed facts.

The moving party shall initiate the meeting and SHALL provide a complete, proposed statement of undisputed facts at least five days before the conference. The finalized joint statement of undisputed facts SHALL include all facts that the parties agree, for purposes of the motion, may be deemed true. In addition to the requirements of Local Rule 260, the moving party shall file the joint statement of undisputed facts.

In the notice of motion the moving party shall certify that the parties have met and conferred as ordered above, or set forth a statement of good cause for the failure to meet and confer. Any dispositive motion SHALL be set before Chief Districr Judge Lawrence J. O'Neill.

## VII. Motion for class certification

The motion for class certification **SHALL** be filed no later than **January 18, 2019**. Opposition to the motion **SHALL** be filed no later than **March 18, 2019**. During the interval between the filing of the motion and the deadline for the opposition, the defendant may conduct discovery as to the evidence relied upon by plaintiff for the motion for class certification.

Neither the motion nor the opposition **SHALL** exceed 30 pages, exclusive of evidence and evidentiary objections, unless leave is granted by the Court prior to the filing. Any reply **SHALL** be filed no later than **April 18, 2019,** and shall not exceed 15 pages, exclusive of evidentiary objections. During the interval between the filing of the opposition and the deadline for the reply, the plaintiff may conduct discovery as to the evidence relied upon by defendant for the opposition to the motion for class certification.

Any objections to the evidence **SHALL** be filed at the same time as the opposition (for Defendant) and the reply (for Plaintiff).[1] A hard-copy, courtesy copy of all filings related to the class motion **SHALL** be sent via overnight mail to the Chambers of Judge Thurston at the same time the filing is submitted. All of the pages of evidence in the hard copy **SHALL** be numbered, tabbed and indexed.

The hearing on the motion for class certification is set for **May 20, 2019**, at 9:00 a.m. before Judge Thurston.

## VIII. Compliance with Federal Procedure

All counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and to keep abreast of any amendments thereto. The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing case load, and sanctions will be imposed for failure to follow the Rules as provided in both the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.

///

---

[1] No motions to strike evidence will be entertained. If the Court sustains an objection to a piece of evidence, the evidence will not be considered.

1 | **IX.** **Effect of this Order**

The foregoing order represents the best estimate of the Court and counsel as to the agenda most suitable to dispose of this case. If the parties determine at any time that the schedule outlined in this order cannot be met, counsel **SHALL** the Court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

**The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.**

Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated: **May 13, 2018**           **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE